UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN CALLISON,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ALFREDO RUVALCABA, et al.,<br><br>　　　　Defendants. | 1:12-cv-00962-AWI-GSA-PC<br><br>ORDER APPROVING STIPULATION TO MODIFY SCHEDULING ORDER<br>(Doc. 22.)<br><br>ORDER EXTENDING DEADLINES FOR ALL PARTIES<br>(Doc. 11.)<br><br>**New Discovery Cut-Off Date:**　　09/26/2014<br><br>**New Dispositive Motions Deadline:** 12/19/2014 |

**I.     BACKGROUND**

Dustin Callison ("Plaintiff") is a former state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983. On June 14, 2012, Plaintiff filed the initial Complaint, upon which this case now proceeds, against defendants Alfredo Ruvalcaba, M.D., Nurse Practitioner Lalaine Tiu, and Facility Captain Watkins, on Plaintiff's claims for inadequate medical care in violation of the Eighth Amendment. (Doc. 1.)

On August 17, 2013, the Court issued a Scheduling Order establishing deadlines of April 5, 2014 for completion of discovery, and June 16, 2014 for the parties to file pretrial dispositive motions. (Doc. 11.) Thus, this case is currently in the discovery phase. On March 7, 2014, the parties filed a stipulation to modify the court's Scheduling Order. (Doc. 22.)

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

The parties have stipulated to an extension of the discovery deadline and the deadline to file pretrial dispositive motions because, due to unforeseen circumstances, Plaintiff was unable to appear at the last minute for his noticed deposition, and a motion by Plaintiff's counsel to withdraw as counsel, filed on March 4, 2014, is currently pending before the court.

The Court finds good cause to modify the Scheduling Order to extend the deadlines for completion of discovery and for the filing of pretrial dispositive motions, for all parties. Therefore, good cause appearing, the parties' stipulation to modify the Scheduling Order shall be approved.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' stipulation to modify the Court's Scheduling Order, filed on March 7, 2014, is APPROVED;
2. The deadline for the completion of discovery, including filing of motions to compel, is extended from April 5, 2014 to **September 26, 2014** for all parties to this action;
3. The deadline for filing and serving pretrial dispositive motions is extended from June 16, 2014 to **December 19, 2014** for all parties to this action; and

4.       All other provisions of the court's August 5, 2013 Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **March 10, 2014**                              **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE