UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN CALLISON,<br><br>         Plaintiff,<br><br>    vs.<br><br>ALFREDO RUVALCABA, et al.,<br><br>         Defendants. | 1:12-cv-00962-AWI-GSA-PC<br><br>ORDER FOR CLERK TO FILE PLAINTIFF'S DECLARATION UNDER SEAL |

**I.    BACKGROUND**

Dustin Callison ("Plaintiff") is a prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on the initial Complaint, filed by Plaintiff on June 14, 2012, against defendants Alfredo Ruvalcaba, M.D., Nurse Practitioner Lalaine Tiu, and Facility Captain Watkins, on Plaintiff's claims for inadequate medical care in violation of the Eighth Amendment. (Doc. 1.)

On March 4, 2014, Plaintiff's counsel, Kevin G. Little ("Counsel"), filed a motion to withdraw as counsel for Plaintiff in this action.  (Doc. 20.)  Defendants have not filed an opposition to the motion.  On March 28, 2014, Plaintiff submitted a declaration to the court in opposition of Counsel's motion, and requested that the declaration be filed under seal.

## II. SEALED DOCUMENTS

Federal courts have recognized a strong presumption that judicial records are accessible to the public. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Generally, if a party seeks to seal a judicial record, the party bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings" to justify sealing the records at issue. Id.  In the case of non-dispositive motions, however, the presumption in favor of public access does not apply with equal force. Id. at 1179. Thus, a showing of good cause will suffice to justify sealing a non-dispositive motion. Id. at 1180.

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," Nixon v. Warner Communications, Inc., 435 U.S. 589, 599, 98 S.Ct. 1306, 1312 (1978).  Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon, 435 U.S. at 602).

**Discussion**

Plaintiff requests the court to file his declaration under seal based on attorney-client privilege.  In the declaration, Plaintiff discusses communications between Plaintiff and Counsel concerning Counsel's representation of Plaintiff.  Plaintiff's proof of service indicates that he served a copy of the declaration upon Counsel.

A motion to withdraw as counsel is not related to the merits of the underlying cause of action, and therefore constitutes a non-dispositive motion.  Thus, a showing of good cause will suffice to justify sealing it.  See Kamakana, 447 F.3d at 1179-80.

Rule 501 of the Federal Rules of Evidence states that privilege issues shall be determined according to the federal common law, except with respect to an element of a claim or defense as to which state law supplies the rule of decision.  Fed. R. Evid. 501.  Federal common law recognizes a privilege for communications between client and attorney for the purpose of obtaining legal advice, provided such communications were intended to be

confidential. Gomez v. Vernon (9th Cir. 2001) 255 F.3d 1118, 1131. The Ninth Circuit recognizes the privilege in order to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." In re Pacific Pictures Corp. (9th Cir. 2012) 679 F.3d 1121, 1126 (quoting Upjohn Co v. U.S., 449 U.S. 383, 389, 101 S.Ct. 677 (1981).

After review of Plaintiff's declaration, which discusses private attorney-client communications, and after consideration of the parties in light of the public interest and the duty of the courts, the court finds good cause to file Plaintiff's declaration under seal.

### III. CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Declaration shall be filed under seal; and
2. The Clerk is DIRECTED to file Plaintiff's Declaration, submitted to the court on March 28, 2014, under seal.

IT IS SO ORDERED.

Dated:   **April 4, 2014**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE